**1340**

Robert A. MILLER, et al.

v.

UNITED STATES of America.

No. 3:92–0028.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 6, 1992.

Winston S. Evans, Evans, Jones & Reynolds, Nashville, TN, Peter Georgiades, Pittsburgh, PA, for Robert A. Miller.

Peter Georgiades, Pittsburgh, PA, for Carey Miller, Richard Miller and James Miller.

Michael J. Martineau, Washington, DC, for U.S.

### ORDER AND JUDGMENT

WISEMAN, District Judge.

This matter came before the Court upon a motion by the plaintiffs for summary judgment pursuant to F.R.Civ.P. Rule 56. The essential question to be decided is whether the United States Internal Revenue Service (hereinafter referred to as "IRS") perfected liens in five specified parcels of real property located in Davidson County, Tennessee, by virtue of notices of federal tax liens filed in Office of the Register of Davidson County, Tennessee, on June 11, 1990.

The plaintiffs maintain that documents of record with the Office of the Register of Davidson County, Tennessee, and the prior judgment of this Court in *Tony and Susan Alamo Foundation v. United States*, Civil

Action No. 3:90–0901, establish as a matter of law that the United States Internal Revenue Service never perfected any lien upon the five parcels of real property which are at issue in this case. In support of their motion, the plaintiffs refer to copies of pertinent deeds and notices of federal tax liens filed by the IRS in the Office of the Register of Davidson County, Tennessee, a judgment and Order of the Chancery Court of Davidson County, Tennessee, in *Robert A. Miller, et al. v. Music Square Church, Inc.*, Docket No. 90–1618–I, as well as judgments of the United States District Court for the Western District of Arkansas in *Robert A. Miller, et al. v. The Tony and Susan Alamo Foundation, et al.*, Civil Action No. 88–2206 (W.D.Ark.1990), *aff'd*, 924 F.2d 143 (8th Cir. 1991). Copies of the documents and judgments relied upon by the plaintiffs have been attached to the Complaint and to the plaintiffs' "Statement of Material Facts As To Which There Is No Genuine Dispute," filed in support of the motion for summary judgment. The authenticity of the documents upon which the plaintiffs rely is not disputed.

The United States maintains that the filing of the notices of federal tax lien on June 11, 1990, in the Office of the Register of Davidson County, Tennessee, operated to attach liens in favor of the United States to the real property in question pursuant to 26 U.S.C. § 6321. The United States also maintains that its tax liens attached to the property because courts have judicially found that the Foundation, the Music Square Church, and Twentieth Century are sham corporations whose corporate forms should be disregarded.

The Court has reviewed the plaintiffs' motion, the materials filed in support of the motion, the opposition of the United States to the motion, plaintiffs' reply, plaintiff's supplemental memorandum, the response of the United States to the plaintiffs' supplemental memorandum, plaintiffs' reply, and the entire record in this case. The Court also has taken judicial notice of the records of the Office of the Register of Davidson County, Tennessee; the record in *Tony and Susan Alamo Foundation v. United States, supra;* the Order and Judgment of April 19, 1990, in *Robert A. Miller, et al. v. United States,* Action No. 88–2206 (W.D.Ark.1990); the Default Judgment of November 14, 1990, in *Robert A. Miller, et al. v. Tony and Susan Alamo et al.,* No. CV 90–15200, (Superior Court of the State of Arizona 1990); the Order and Judgment of May 6, 1991, in *Robert A. Miller, et al. v. Tony and Susan Alamo Foundation, et al.,* No: E–90–284(I) (Chancery Court of Crawford County, Arkansas, 1991). The Court's findings of fact and conclusions of law are as follows.

### Findings of Fact

1. The Tony and Susan Alamo Foundation (hereinafter referred to as "Foundation") was incorporated under the laws of California on January 29, 1969.

2. Music Square Church, Inc. (hereinafter referred to as "Music Square") was incorporated under the laws of Tennessee on April 2, 1981.

3. Twentieth Century Holiness Tabernacle Church, Inc. (hereinafter referred to as "Twentieth Century") was incorporated under the laws of Arkansas on April 6, 1983.

4. By deed recorded on December 9, 1983, in the Office of the Register of Davidson County in Book 6191, page 530, the Foundation conveyed to Music Square all of the Foundation's right, title and interest in the real property in Davidson County known as 325 Broadway, Nashville, Tennessee, more particularly described as follows:

> Being part of Lot No. 21 on the First Plan of Davidson Academy Lots, not of record, described as follows: Beginning on the southerly margin of Broadway at a point 46 feet, 2–½ inches east of the easterly margin of 4th Avenue South, as widened, said point being the northeast corner of the Freiburger Property; thence with the southerly margin of Broadway eastwardly 22 feet, 1–½ inches, more or less, to the northwest corner of a strip of ground 9 inches wide conveyed to J.W. Dixon by deed from Edgar Cherry of record in Book 227, page 11, Register's Office for said County; thence with the westerly line of said strip southwardly 90 feet; thence at right angles westwardly 22 feet, 1–½ inches, more or less, to the southeast cor-

ner of said Freiburger Property; thence with the easterly line of same, northwardly 90 feet to the beginning.

5. By deed recorded on February 21, 1984, in the Office of the Register of Davidson County in Book 6234, page 663, the Foundation conveyed to Music Square all of the Foundation's right, title and interest in the real property in Davidson County known as 1200–1202 17th Avenue South, Nashville, Tennessee, more particularly described as follows:

Being Lots Nos. 2 and 4 on the Plan of Belmont Land Company's Subdivision of Lot 23 in O.B. Hayes Plan of Large Lots, of record in Book 204, page 207, Register's Office for said County.

Said Lots 2 and 4 front together 105 feet on the easterly side of 17th Avenue South and run back between parallel lines, with the southerly margin of Edgehill Street.

6. By deed recorded on February 21, 1984, in the Office of the Register of Davidson County in Book 6234, page 665, the Foundation conveyed to Music Square all of the Foundation's right, title and interest in the real property in Davidson County known as 322 Broadway, Nashville, Tennessee, more particularly described as follows:

Being part of Lot No. 57 on the Original Plan of Nashville, not of record, described according to a survey made by Z.J. Wilkinson, surveyor, December 22, 1939. Said part of Lot No. 57 fronts 26.7 feet on the northerly side of Broadway, formerly Broad Street, 40.5 feet east from the easterly side of Fourth Avenue North, formerly Cherry Street, and runs back between parallel lines 130 feet to a dead line.

7. By deed recorded on February 21, 1984, in the Office of the Register of Davidson County in Book 6234, page 667, the Foundation conveyed to Music Square all of the Foundation's right, title and interest in the real property in Davidson County known as 323 Broadway, Nashville, Tennessee, more particularly described as follows:

Being the premises known as City No. 323 Broad Street, Nashville, Tennessee, and being part of Lot No. 21 on the Map of Davidson Academy Lots, not of record, and described according to copy of a survey thereof made by Z.J. Wilkinson, Surveyor, dated July 19, 1958, as follows: Beginning at a point in the south margin of Broad Street 90 feet, 3 inches east of the old margin of Fourth Avenue South before it was widened, said point being now located 68 feet, 1 inch east of the northwest corner of a 3–story building located at the southeast corner of Fourth Avenue and Broad Street; thence with the margin of Broad Street, easterly 20 feet, 10 inches to a point; thence southerly 115 feet to a point; thence westerly 20 feet to a point; thence northerly 25 feet to a point; thence westerly 9 inches to a point; thence northerly 90 feet to the point of beginning.

8. By deed recorded on February 21, 1984, in the Office of the Register of Davidson County in Book 6234, page 669, the Foundation conveyed to Music Square all of the Foundation's right, title and interest in the real property in Davidson County known as 320 Broadway, Nashville, Tennessee, more particularly described as follows:

Being part of Lot No. 57 on the Original Plan of Nashville, not of record, and described as follows: Beginning at a point in the northerly margin of Broad Street, 90 feet, 4 inches east from the intersection of Broad Street and 4th Avenue North, formerly Cherry Street; running thence westwardly 23 feet, more or less, to a point; thence northwardly 120 feet, more or less, to a point; thence eastwardly 23 feet, more or less, to a point; thence southwardly 120 feet, more or less, to the beginning.

9. Subsequently, by a single deed recorded on June 26, 1989, in the Office of the Register of Davidson County in Book 7897, page 972, Music Square conveyed to Twentieth Century all of Music Square's right, title and interest in the real property described in paragraphs 4 through 8, above.

10. The records of the Office of the Register of Davidson County, Tennessee, do not show any recorded interest on behalf of the Foundation in any real property in Davidson County, Tennessee, since February 21, 1984.

11. On April 27, 1990, a judgment was entered in favor of the plaintiffs in this case

(hereinafter referred to as "the Millers") and against Mr. Tony Alamo in the amount of $1,448,549.00 in *Robert A. Miller, et al. v. Tony and Susan Alamo Foundation, et al.,* Civil No. 88–2206 (W.D.Ark., Ft. Smith Div.).

12. In that same action, the United States District Court for the Western District of Arkansas also entered a declaratory judgment on April 19, 1990, declaring that any judgment in that case which was entered in favor of the Millers and against Tony Alamo could be satisfied out of assets belonging to the Foundation or Music Square.

13. On June 1, 1990, the Millers, acting as judgment creditors of Music Square and Twentieth Century, attached all real property in Davidson County belonging to Music Square and Twentieth Century, pursuant to an Order of the Chancery Court for Davidson County, Tennessee, entered in *Miller v. Music Square Church, Inc., supra,* on May 31, 1990. At that time, all of the real property described in paragraphs 4 through 8, above, was titled to Twentieth Century.

14. On October 15, 1990, the aforesaid judgment in the amount of $1,448.549.00 rendered on April 27, 1990, in favor of the plaintiffs and against Tony Alamo in *Miller v. Tony & Susan Alamo Foundation,* Civil No. 88–2206 (W.D.Ark., Ft. Smith Div.) (hereinafter referred to as the "Arkansas case") was registered in this Court at Case No. 3:90–X–114, pursuant to 28 U.S.C. § 1963.

15. By Order dated November 13, 1990, the Chancery Court of Davidson County, Tennessee, granted the Millers the following relief in *Miller v. Music Square Church, Inc., supra:*

(a) The June 26, 1989, conveyance of real property from Music Square to Twentieth Century was declared to be a fraudulent conveyance, and Twentieth Century was divested of the real property conveyed to it by Music Square on that date, title to that real property being again vested in Music Square;

(b) The Court directed that the property conveyed from Music Square to Twentieth Century on July 26, 1989, be sold, and the proceeds of that sale be applied to satisfy the judgment in favor of the Millers entered in the Arkansas case. This included the real property described in paragraphs 4 through 8, above.

16. On July 11, 1991, the Clerk and Master of the Chancery Court of Davidson County, Tennessee, acting pursuant to the Chancery Court's November 13, 1990, Order, sold the real property subject to that order at an execution sale held in Nashville, Tennessee. At that execution sale, the parcels of real property described in paragraphs 4 through 8, above, were purchased by Peter N. Georgiades, acting as attorney and trustee for the Millers.

17. The July 11, 1991, execution sale referred to in the next-preceding paragraph was confirmed by the Chancery Court by Order entered on October 17, 1991, which Order was duly recorded in the Office of the Register of Davidson County, Tennessee, on December 31, 1991. In addition to vesting all of the prior right, title and interest of Music Square in the subject real property in Peter N. Georgiades, as attorney and trustee for the Millers, the Chancery Court imposed a lien pursuant to Tennessee law upon that property in the amount of $1,184,101.01 for fees and expenses, in favor of Hess, Reich, Georgiades, Wile & Homyak, P.C., lead counsel for the Millers.

18. The claim of the IRS arises as a consequence of the filing of various notices of federal tax liens, designated as Forms "668(Y)", on June 11, 1990. Several of the Forms 668(Y) were based upon jeopardy assessments of income taxes allegedly owed by Mr. Tony Alamo and Susan Alamo (deceased), and the Foundation. Two of the Forms 668(Y) were based upon assessments against the Foundation only of employment taxes allegedly due and unpaid by the Foundation for the period from July 1, 1981, through March 31, 1986.

19. Of all the notices filed by the IRS, the only ones which asserted claims on behalf of the IRS against Music Square or Twentieth Century were those based upon the jeopardy assessments of income taxes allegedly owed by Tony Alamo and Susan Alamo (deceased) and/or the Foundation. Those notices stated that Music Square and Twentieth Century

were indebted to the United States as "transferees" of Tony Alamo and Susan Alamo (deceased) and/or the Foundation, liability of Music Square and Twentieth Century thus being based entirely upon the provisions of 26 U.S.C. § 6861.

20. Subsequently, an action was filed in this Court by the Foundation, Music Square and Twentieth Century, challenging the validity of the jeopardy assessments upon which the notices of federal tax liens filed on June 11, 1990, (among others) were based. After a hearing conducted over three days' time, this Court found that the United States had not carried its burden pursuant to 26 U.S.C. § 7429(g)(1) to show that the imposition of the jeopardy assessments was reasonable, and ordered that those jeopardy assessments be abated. The United States filed a motion pursuant to F.R.Civ.P. Rule 59(e) to alter or amend that decision, which this Court denied on January 22, 1992.

21. The United States has referred this Court to findings made in three other courts. First, an Arkansas District Court has found that "defendants Tony and Susan Alamo Foundation and Music Square Church, Inc. were entities which enjoyed no existence separate and apart from defendant Tony Alamo, and that the corporate forms of these two organizations should be set aside." *Order and Judgment* entered April 19, 1990, p. 1, *Robert A. Miller, et al. v. United States*, No. 88–2206 (W.D.Ark.1990).

22. Second, the Superior Court of the State of Arizona has held that a transfer of property by Music Square to Twentieth Century was "a fraudulent conveyance and is null and void...." *Default Judgment* entered November 14, 1990, p. 3, *Robert A. Miller, et al. v. Tony and Susan Alamo, et al.*, No. CV 90–15200 (Superior Court of the State of Arizona 1990). The Court declared that Twentieth Century and Tony Alamo and the other defendants are "one and the same, and all of said defendants are merely aliases and the alter ego of said Tony Alamo, and any Judgments which lie against the said Tony Alamo lie against said defendants." *Default Judgment*, p. 4.

23. Third, the Chancery Court of Crawford County, Arkansas has found that a con-veyance from Music Square Church to Twentieth Century is "a fraudulent conveyance and ... Twentieth Century is nothing more than an 'alter-ego' of Tony Alamo." *Order and Judgment* entered May 6, 1991, p. 7, *Robert A. Miller et al. v. Tony and Susan Alamo Foundation, et al.*, No.: E–90–284(I) (Chancery Court of Crawford County, Arkansas 1991). The Court set aside the corporate form of Twentieth Century. *Id.* at 10.

### Conclusions of Law

1. This is an action to determine the existence or relative priority of liens claimed by the IRS upon property owned by the plaintiffs. The IRS claims that the liens were created by 26 U.S.C. § 6321, and the relative priority of the claimed liens will be determined by federal law in general and 26 U.S.C. § 6323 in particular. Therefore, this action arises under the laws of the United States, and jurisdiction of this action is vested in this Court pursuant to 28 U.S.C. § 1331.

2. Pursuant to 28 U.S.C. § 2410(a), the United States waives sovereign immunity with respect to civil actions to quiet title to real property upon which the United States claims a lien. This being such an action, sovereign immunity has been waived by the United States.

3. Because a substantial portion of the operative facts giving rise to the plaintiffs' claims occurred in the Middle District of Tennessee, and because all of the property that is the subject of this action is situated in the Middle District of Tennessee, venue to hear this cause has been properly laid in this District. 28 U.S.C. § 1391(e).

4. When any person liable to pay any tax to the United States neglects or refuses to pay that tax, a lien arises in favor of the United States upon "all property and rights to property, real or personal, belonging to such person." 26 U.S.C. § 6321. By definition, these liens attach only to "property or rights to property" of the person liable to pay the tax.

5. The Internal Revenue Code gives the IRS a summary procedure by which it can collect *income* taxes from a transferee who is

rendered liable for the transferor's debts "at law or in equity." 26 U.S.C. § 6901(a); *see, e.g., Commissioner v. Stern,* 357 U.S. 39 (1958); *Drew v. United States,* 367 F.2d 828 (Ct.Cl.1966); *Kreps v. Commissioner,* 351 F.2d 1 (2d Cir.1965); *Coca–Cola Bottling Co. v. Commissioner,* 334 F.2d 875 (9th Cir. 1964); *First National Bank v. Commissioner,* 255 F.2d 759 (7th Cir.1958). Hence, if Music Square and Twentieth Century were in fact transferees liable for the debts of Tony Alamo and/or the Foundation, (which is a question we do not here decide), the IRS had the power to assess Music Square and Twentieth Century with liability for the income taxes allegedly owed by Mr. Alamo and the Foundation, which would make each of these two entities a "person liable to pay any tax" within the meaning of 26 U.S.C. § 6321, and create a lien upon their "property or rights to property."

■ 6. However, each of the assessments against Tony Alamo and the Foundation with respect to which it was asserted Music Square and Twentieth Century were transferees was a *jeopardy* assessment of *income* taxes, and the jeopardy assessments of income taxes against Tony Alamo and the Foundation were invalid. When this Court ordered the abatement of those jeopardy assessments in *Tony & Susan Alamo Foundation, Inc. v. United States, supra,* the necessary effect of that judgment was to abate all of the "transferee" assessments against Music Square and Twentieth Century as well.

■ 7. Because the jeopardy assessments upon which the subsequent notices of federal tax lien were based were invalid when they were made, no valid liens pursuant to 26 U.S.C. § 6321 could have arisen pursuant to those jeopardy assessments upon property or rights to property held by Music Square or Twentieth Century. The liens recorded by the IRS naming Music Square and Twentieth Century were therefore void *ab initio.*

8. This left the assessments of employment taxes against the Foundation alone as the only valid assessments against any of the corporate entities involved. With respect to employment taxes, unlike income taxes, the Service does not generally have the power to

summarily assess liability against purported "transferees" of the taxpayer. *See* 26 U.S.C. § 6901(a)(1) (referring only to transferee liability for income, estate and gift taxes). In any event, in this case the IRS did not undertake to do so. Therefore, with respect to the employment tax assessments against the Foundation, the only "person liable to pay the tax" within the meaning of 26 U.S.C. § 6321 was the Foundation.

9. It follows that unless the real property at issue in this case was either property of the Foundation or property in which the Foundation had rights on or after June 11, 1990, no lien in favor of the IRS was attached to that property pursuant to 26 U.S.C. § 6321.

■ 10. Although priority of liens imposed under 26 U.S.C. § 6321 is a matter governed by federal law, whether a taxpayer has "property or rights to property" to which such liens might attach is a question determined by reference to state law. *United States v. National Bank of Commerce,* 472 U.S. 713, 722 (1985); *Aquilino v. United States,* 363 U.S. 509, 512–13 (1960).

■ 11. Tennessee law is well settled that a recorded conveyance of real property is effective to divest the transferor of all right, title and interest in the property, even if such a conveyance was in reality fraudulent. *See, e.g., Jacobi v. Schloss,* 47 Tenn. 385, 7 Cold. 385 (1870); *McCallie v. McCallie,* 719 S.W.2d 150 (Tenn.Ct.App.1986); *Thomas v. Hedges,* 27 Tenn.App. 585, 183 S.W.2d 14 (1944); *see generally Dominion Trust Co. v. United States,* No. 3:89–0899 (M.D.Tenn., Nashville Div., Jan. 9, 1991) (1991 U.S.Dist.LEXIS 730 at 8). Further, lands once conveyed are not subject to levy or execution against the conveyor, even if the conveyance is in actuality fraudulent. *Hoyal v. Bryson,* 53 Tenn. 139 (1871); *Smith v. Hinson,* 51 Tenn. 250 (1871); *Gaugh v. Henderson,* 39 Tenn. 628 (1859).

■ 12. The uncontested facts are that the five properties involved in this case were conveyed by the Foundation to Music Square from November 1983 to February 1984, and then were conveyed by Music Square to

Twentieth Century in June 1989. Title to the properties remained in Twentieth Century until November 16, 1990, when the Chancery Court of Davidson County, Tennessee re-vested title in Music Square and directed the sale of the properties to satisfy the debt owed by Mr. Alamo, the Foundation and Music Square to the plaintiffs. *Robert A. Miller, et al. v. Music Square Church, Inc., et al., supra.* Under the controlling Tennessee law, these conveyances operated to divest the Foundation of any rights to the property at issue in this case.

13. Because the Foundation did not own, or have rights to, any of the subject property between June 11, 1990, and December 31, 1991, no liens created in favor of the United States pursuant to 26 U.S.C. § 6321 attached to the property during that period of time.

14. The Court concludes that no liens were created in favor of the United States despite the findings of fact described in paragraphs 21 through 23, above. The United States has argued that the IRS was not divested of its tax lien against the Foundation because courts have judicially found that the Foundation, the Music Square Church, and Twentieth Century are sham corporations whose corporate forms should be disregarded. In rejecting the government's argument, the Court adopts the rationale of Judge Franklin Water who also has rejected this argument in another proceeding. Judge Water wrote:

> The Secretary argues that its lien is prior in time to the Millers' judgment and was recorded three and one-half years before the Millers' judgment. The Secretary, without presenting any authority for the proposition, appears to believe that the rulings obtained by the Millers in 1990 and 1991 setting aside the corporate forms of Music Square and Twentieth Century inure to its benefit.
>
> \*　\*　\*　\*　\*　\*
>
> The doctrine [of piercing the corporate veil] is utilized with great caution.... Normally, even if the corporate veil is pierced in a particular context for a specific purpose, the corporate existence is still recognized as valid under other circumstances....

> The Secretary does not cite, nor has the court's own research revealed, any case in which a ruling that the corporate entity should be disregarded has been used to benefit other parties in different contexts. Nor have we been cited to or found any cases in which such a ruling was given retroactive effect.

*Letter Opinion,* dated February 12, 1992, *Georgiades v. Martin,* Civil Action No. 92–2001 (W.D.Ark., Ft. Smith Div.) (citations omitted). The United States has not provided this Court with any authority to support its claim that it should be allowed to benefit from these rulings. This Court will not allow the United States to benefit from the rulings described in paragraphs 21 through 23 of the findings of fact, above.

15. The plaintiffs, by their attorney and trustee Peter N. Georgiades, became the fee owners of the real property here in question by virtue of the execution sale and subsequent Orders of the Chancery Court of Davidson County, Tennessee, referred to above, not later than December 31, 1991, free and clear of any liens in favor of the IRS.

Accordingly, it is ORDERED, ADJUDGED AND DECREED, that Peter N. Georgiades, as Trustee, took title to the five parcels of real property set forth and described above by purchase at the execution sale held on July 11, 1991, as confirmed by the Order of the Chancery Court for Davidson County, Tennessee, at Nashville, entered on October 17, 1991, in *Robert A. Miller, et al. v. Music Square Church, Inc., et al.,* Docket No. 90–1618–I, free and clear of any lien upon any of those parcels of real property in favor of the United States of America.

And it is FURTHER ORDERED that the Commissioner of the United States Internal Revenue Service shall forthwith cause releases of all liens upon the subject real property in favor of the United States Internal Revenue Service to be filed in the Office of the Register of Davidson County, Tennessee, and in any other place within the State of Tennessee where notices of federal tax liens in favor of the United States Internal Revenue Service and against Music Square Church,

Inc. or Twentieth Century Holiness Tabernacle Church, Inc. may have been filed.

The Court hereby GRANTS the plaintiffs' motion for summary judgment. IT IS SO ORDERED.